101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carlton WHITNEY, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE. Defendant-Appellee.
 No. 95-6404.
 United States Court of Appeals, Second Circuit.
 June 7, 1996.
 
 APPEARING FOR APPELLANT: Carlton Whitney, Brooklyn, NY, pro se
 APPEARING FOR APPELLEE: Claire S. Kedashian, Assistant U.S. Attorney, United States Attorney's Office, Eastern District of New York
 E.D.N.Y.
 AFFIRMED.
 Before LUMBARD, VAN GRAAFEILAND and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Plaintiff-appellant Carlton Whitney, pro se and in forma pauperis, filed this suit against the United States Postal Service (USPS) seeking, inter alia, an injunction to have his "mail delivered on time with-out delay." Upon the defendant's motion, the district court dismissed the case for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We affirm.
 
 
 4
 Whitney's complaint begins by blaming the USPS for delays and other mishandling of his mail, but on closer inspection it appears that most of Whitney's complaints are directed at his landlady, Ailene Parker. He alleges that one of his Veterans' Administration checks was given to him by Parker two days late, that another "was delivered a week late also by Ailene Parker," and that a third was "missing or maliciously with-held or delayed once again"--apparently by Parker. Whitney states that a "certified letter (eviction notice) .... was never found or it seems to have gotten lost in the Post Office ...." and that "Parker was with-holding the pick-up notice" for another certified letter. Lastly, he claims that a USPS clerk "maliciously told [him] to address a package to [the] Supreme Court ... in a wrong manner."
 
 
 5
 Whitney characterizes these actions alternately as "criminal activity going on with the postal clerks, mail-carrier, and the landlord, Ailene Parker," and as "a conspiracy and vendetta." To begin with, there is no private right of action under criminal statutes pertaining to mail tampering. See 18 U.S.C. §§ 1701-03; see also Contemporary Mission, Inc., v. United States Postal Serv., 648 F.2d 97, 103 n. 7 (2d Cir.1981). Further, all but the last of his allegations involve action by Parker, who is not a party to this action, rather than by the USPS. Finally, we find that Whitney's last contention, regarding the addressing of a package, lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Whitney contends furthermore that his mail problems are being orchestrated by the Teamsters Union, as part of a plan to take over the government and perhaps murder him. We conclude that this in forma pauperis appeal should be dismissed as factually frivolous. Id.; see also Denton v. Hernandez, 504 U.S. 25, 33 (1992).